**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **RICARDO RENDON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | **Civil Action No.  SA-06-CV-875-XR** |
| ) | |
| **JOHN E. POTTER, POSTMASTER** ) | |
| **GENERAL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

On this date, the Court considered Defendant's motion to dismiss (Docket No. 6), which was filed on March 8, 2007.  After receiving an extension of time, Plaintiff filed his response on May 1, 2007.  Defendant filed his reply on May 2, 2007.  For the reasons discussed below, the motion to dismiss is GRANTED.  The Clerk is instructed to close this case.

Plaintiff's disability discrimination claim is DISMISSED for failure to exhaust administrative remedies with the Merit Systems Protection Board ("MSPB") and alternatively for lack of jurisdiction and failure to comply with the 30 day filing deadline.  Plaintiff's gender discrimination, race discrimination, retaliation, and hostile work environment claims are DISMISSED because Plaintiff failed to exhaust his administrative remedies with the MSPB or the EEOC.  Plaintiff's age discrimination claim is DISMISSED because Plaintiff did not comply with the notice provision of 29 U.S.C. § 633a(d). Plaintiff's state law claims are DISMISSED because they are preempted by Title VII.  Plaintiff's section 1981 and 1983 claims are DISMISSED because those claims are preempted by Title VII and barred by sovereign immunity. Plaintiff's worker's compensation claim

-1-

under the Federal Tort Claims Act ("FTCA") or state law is DISMISSED because it is barred by the Federal Employees Compensation Act ("FECA").

### I. Factual & Procedural Background[1]

Plaintiff Ricardo Rendon has sued Defendant John E. Potter, in his official capacity as Postmaster General of the United States Postal Service ("USPS"), for age, gender, race, and disability discrimination; retaliation; and hostile work environment.  Plaintiff sued under Title VII, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. §§ 1981 and 1983.  Furthermore, Plaintiff alleges various state law claims against the Postal Service, including claims for defamation and damage to his business reputation.  In his response to the motion to dismiss, Plaintiff alleges an additional "federal workers compensation claim" and seeks leave to amend his Complaint.  Plaintiff seeks back pay, front pay, attorney's fees and costs, and exemplary damages.

Plaintiff alleges that the USPS required him to work in a manner that violated safety regulations, which exacerbated pre-existing injuries to his shoulders.  Plaintiff was allegedly required to pull, push, and lift mail binds that were stacked four to six bins high.  According to Plaintiff, the USPS safety rules prohibit any employee from lifting more than two mail bins at any single time. Plaintiff claims that after his "body finally broke," he filed a worker's compensation claim for the injuries caused in whole or part by his employer.  Plaintiff claims that the USPS failed to provide him with appropriate documentation for submitting his worker's compensation claim. Plaintiff alleges that a physician found that he was injured on the job and assigned him to light-duty work, but the USPS wrongfully denied him light-duty work even though such work was available.

---

[1]This factual and procedural background is gleaned from information contained in Plaintiff's Complaint, Defendant's motion to dismiss, exhibits attached to the motion to dismiss, and Plaintiff's response.

After Plaintiff suffered the shoulder injury and filed the worker's compensation claim, Plaintiff alleges that the USPS "commenced [a] campaign of long[-]term manipulation of 'setting up' Mr. Rendon" in order to create a pretext for discharging him.  Plaintiff claims that he was forced to compete and apply for a job for which he was not trained or qualified.

In a "Letter of Decision" written by Hector Rodriguez, the Manager of Post Office Operations, and dated October 2, 2005, the USPS stated why Plaintiff was being discharged from his job at the USPS.  Plaintiff was originally a City Letter Carrier.  Due to a "non-job related medical condition," Plaintiff was sent to the District Reasonable Accommodation Committee, which identified available positions within the USPS that were potentially suitable for Plaintiff's limitations.  After selecting the Converse, Texas position, Plaintiff's physician allegedly stated that Plaintiff would be able to perform the job requirements of that substitute position.  As a condition of working in the substitute position, Plaintiff was required to pass a written examination for retail operations and address sortation.  The Letter stated that Plaintiff was provided structured on-the-job training from August 1, 2005 through August 12, 2005.  The USPS stated that Plaintiff received the forty hours of classroom training that all other USPS employees received. After the training phase, Plaintiff was given the Sales and Service Associate final examination.  On August 15, 2005, the USPS notified Plaintiff that he failed to successfully complete the essential skills/requirements for the position, which was required by Bargaining Unit Qualification Standard 2320c.  The USPS concluded that the charge of "Unacceptable Performance – Failure to Meet the Qualifications of Your Position" was fully supported by the evidence and warranted Plaintiff's removal from the USPS.  Plaintiff's employment with the USPS was terminated effective October 6, 2005.  The "Letter of Decision" stated that Plaintiff could appeal his discharge to the MSPB or he could file an

EEO Complaint, but not both.  Furthermore, the letter stated that Plaintiff could not file an EEO Complaint to appeal the discharge unless he alleged that his discharge was motivated by discrimination.

On November 12, 2005, Plaintiff filed an EEO Complaint with the USPS concerning his discharge, alleging that he was subject to disability discrimination by his supervisors. On November 28, 2005, the USPS notified Plaintiff that it had accepted his disability discrimination claim (Shoulder) for investigation.  Although the "Acceptance of Complaint" letter stated that Plaintiff could object to the "defined issue" of disability discrimination, Plaintiff never objected. The "Acceptance of Complaint" letter stated that if Plaintiff disagreed with the EEO decision, he could either file an appeal to the MSPB or he could "file a civil action in an appropriate U.S. District Court within 30 calendar days of your receipt of the [EEO] decision."

On February 22, 2006, The USPS issued a "Notice of Final Agency Decision" that closed Plaintiff's EEO Complaint with a finding of no discrimination.  The decision stated that Plaintiff "alleged that Responsible Management Officials (RMOs) identified as the Manager, Post Office Operations Hector Rodriguez; Postmaster Richard Imes; and Supervisor Gloria Ramirez intentionally discriminated against you because of your physical disability due to worn rotator cuffs of both shoulders when on or about October 6, 2005, you received a Letter of Decision removing you from the Postal Service for failure to meet the qualifications of your position."  The decision recited the facts of the case.  Plaintiff claimed that a pre-existing shoulder injury was exacerbated in November 2003 because of a new type of work he encountered in his position as a City Letter Carrier.  After meeting with the Reasonable Accommodation Committee, Plaintiff was reassigned to the Converse, Texas Post Office on February 19, 2005 as a Mail Processing Clerk/Sales and Services Associate

position.  The decision noted that Plaintiff's own physician approved the work criteria for this new position, and it concluded that Plaintiff did not meet the legal definition of a person with a disability because Plaintiff could not demonstrate that he could not perform the essential functions of his new position or that his alleged shoulder impairment substantially limited him.  The decision stated that Plaintiff "provided no relevant testimony or evidence concerning the impact of his worn rotator cuffs on the performance of his major life activities."  The decision argued that even assuming that Plaintiff is disabled within the meaning of the Rehabilitation Act, he did not present any evidence of disparate treatment of other similarly situated employees who were treated more favorably than him.  The decision found that Plaintiff was reasonably accommodated by his transfer to his new position, his physician approved of the physical job requirements in light of his shoulder injury, and he was aware of the test requirements of the new position when he accepted it.  The decision stated that Title VII is not a shield for harsh treatment in the workplace, and Plaintiff clearly failed the required written examination that he was required to pass, notwithstanding Plaintiff's argument that the examination was antiquated.  Thus, the decision concluded that Plaintiff's failure to pass the examination was not a pretext for disability discrimination.   The EEO decision again notified Plaintiff of the two avenues he could pursue for appealing its no discrimination determination–Plaintiff had the right to appeal the adverse EEO decision to the MSPB or he could file a civil action in federal district court within 30 days.

After receiving the adverse EEO decision, Plaintiff chose to file an appeal with the MSPB on March 22, 2006.  On June 9, 2006, Plaintiff filed a motion entitled "Motion to Withdraw Administrative Proceedings."  The motion stated that Plaintiff wanted to withdraw from the MSPB proceedings so that he could "prosecute this case in a Federal Court forum."  On June 12, 2006, the

ALJ issued an "Order Suspending Processing," which stated that a voluntary withdrawal is generally

an act of finality with the effect of removing an appeal from the Board's jurisdiction.[2]  The ALJ

stated that she advised the parties that an appeal to federal district court might be premature because

120 days had not expired from the date that Plaintiff filed the appeal to the MSPB.  The ALJ

suspended processing of this case until July 12, 2006.  The ALJ concluded her Order by stating that

"[i]f a settlement is not reached, and if after the 120th day the appellant still wishes to withdraw his

appeal, he may advise the Board of his intention to withdraw."

Plaintiff filed an identical motion to withdraw on July 26, 2006.  Apparently, Plaintiff

believed that withdrawal was appropriate because more than 120 days had elapsed from the filing

of the MSPB appeal.  On August 1, 2006, the ALJ issued an order stating that Plaintiff's appeal must

be dismissed because Plaintiff has voluntarily withdrawn his appeal.  The Order stated that the

decision would become final on August 5, 2006.

On October 10, 2006, Plaintiff filed this lawsuit.  On March 8, 2007, the USPS filed a motion

to dismiss pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failure

to state a claim upon which relief may be granted).  The USPS argues that Plaintiff failed to exhaust

his administrative remedies on his disability discrimination claim when he voluntarily withdrew his

appeal from the MSPB.  Even assuming that Plaintiff could seek judicial review, the USPS argues

that the Court of Appeals for the Federal Circuit would have exclusive jurisdiction over this case

because the MSPB did not reach a decision on the merits of Plaintiff's disability discrimination

claim.  Alternatively, the USPS argues that Plaintiff's claim must be dismissed because he did not

---

[2]The ALJ cited *Bankston v. Dep't of the Army* for this proposition.  87 M.S.P.R. 507, 511 (2001).

file this civil action within the required 30 day time period after the MSPB order of dismissal became

a judicially reviewable action. The USPS argues that Plaintiff's remaining Title VII claims must be

dismissed for failure to exhaust administrative remedies with the EEOC or the MSPB. Finally, the

USPS argues that Plaintiff's state law claims and section 1981 and 1983 claims must be dismissed

because those claims are preempted by Title VII, not applicable to the federal government, and/or

barred by sovereign immunity.

In response, Plaintiff argues that any time limits related to the MSPB appeal process are not

jurisdictional. Citing to Fifth Circuit precedent, Plaintiff argues that his retaliation claim is

actionable under 42 U.S.C. § 1981. Plaintiff generally alleges that his state law claims are valid.

Finally, Plaintiff argues that he is entitled to equitable tolling of any deadlines that he missed.

## II. Legal Analysis

**A.      Standard of review for motions to dismiss under Rule 12(b)(1) and 12(b)(6).**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party can seek dismissal of

an action for lack of subject matter jurisdiction. The burden of establishing subject matter

jurisdiction in federal court rests on the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con

Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). When a Rule 12(b)(1) motion is accompanied by supporting

evidence, as in this case, a Rule 12(b)(1) motion challenging the Court's jurisdiction is a "factual

attack." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A plaintiff responding to a

factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance

of the evidence that the court has subject matter jurisdiction. *Id.*

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept

all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v.*

*Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

**B.**     **Plaintiff's disability discrimination claim is DISMISSED for failure to exhaust administrative remedies with the MSPB, and alternatively for lack of jurisdiction and failure to comply with the 30 day filing deadline.**

"Title VII grants an aggrieved federal employee the right to file suit in federal district court, *see* 42 U.S.C. § 2000e-16(c), but before bringing suit, an employee must exhaust his administrative remedies against his federal employer." *Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir.1997). "If a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's Title VII claim." *Fitzgerald*, 121 F.3d at 206.

The MSPB has jurisdiction over specific adverse employment actions affecting federal employees, including terminations, demotions, and suspensions. *See Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir.2004) (citing 5 U.S.C. § 7512). "When a federal employee has been subject of one of these actions, he is entitled to appeal to the MSPB." *Id.* (citing 5 U.S.C. § 7513(d)). Although the MSPB does not have jurisdiction over discrimination claims that are not related to

appealable adverse employment actions, a federal employee who alleges that an appealable adverse action was based in whole or in part on discrimination presents a "mixed case" that may be appealed directly to the MSPB. *See* 5 U.S.C. § 7702(a)(1)(B)(i)-(iv); *Chappell*, 388 F.3d at 1375 (citing 5 U.S.C. § 7702; 29 C.F.R. § 1614.302); *accord Casimier v. U.S. Postal Serv.*, 142 Fed. Appx. 201, 204 (5th Cir. 2005).

As an alternative to filing a mixed case appeal, the aggrieved federal employee can elect to file a "mixed case complaint" with his agency's EEO office. 29 C.F.R. § 1614.302(b); *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir.1999). If the employee elects this route, within 30 days of a final EEO decision, or after 120 days pass without a EEO final decision, the employee can file a mixed case appeal with the MSPB or a civil discrimination action in federal district court. *Id.* (citing 29 C.F.R. §§ 1614.302(d)(1)(ii), (d)(3); 1614.310(a)).

When a complainant appeals to the MSPB, either directly or after pursuing his claim with the agency EEO office, the matter is assigned to an Administrative Judge who takes evidence and eventually makes findings of fact and conclusions of law. See 5 C.F.R. §§ 1201.41(b), 1201.111. The ALJ's initial decision becomes a final decision if neither party nor the MSPB on its own motion, seeks further review within thirty-five days. 5 C.F.R. § 1201.113.  However, both the complainant and the agency can petition the full Board to review an initial decision. Should the Board deny the petition for review, the initial decision becomes final, 5 C.F.R. § 1201.113(b); if the Board grants the petition, its decision is final when issued. 5 C.F.R. § 1201.113(c).  At this point, the complainant again has a choice: within thirty days of receiving a final decision from the MSPB, he can either appeal the discrimination claim to the EEOC, 5 C.F.R. § 1201.157, or appeal the entire claim (or any

parts thereof) to the appropriate district court.[3] 5 U.S.C. § 7703(b), 5 C.F.R. § 1201.175, 29 C.F.R.

§ 1614.310(b). Finally, if the MSPB fails to render a judicially reviewable decision within 120 days

from the filing of a mixed case appeal, the aggrieved party can pursue her claim in federal district

court. 5 U.S.C. § 7702(e)(1)(B).

"The appropriate court for review of an MSPB decision will depend on the type of appeal."

*Burrell v. U.S. Postal Service*, 164 F. Supp.2d 805, 809 (E.D. La. 2001). "Judicial review of an

MSPB appeal raising only non-discrimination claims lies exclusively within the Federal Circuit with

no right to review in the district court." *Id.* "In contrast, judicial review of an MSPB final decision

in a mixed case appeal lies exclusively within the district court."[4] *Id.* at 810.

A hybrid situation arises when the MSPB dismisses a mixed case appeal, not on the merits,

but rather due to lack of Board jurisdiction. *Id.* When an appeal has been taken to the MSPB, until

the discrimination issue and the appealable action have been decided on the merits by the MSPB,

an appellant is granted no rights to a trial de novo in a civil action under § 7702 or § 7703.

*Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244, 1246 (Fed. Cir. 1984); *see Checketts*

---

[3]On the discrimination claim, the complainant "shall have the right to have the facts subject to trial de novo by the reviewing court." 5 U.S.C. § 7703(c). The district court reviews non-discrimination claims on the administrative record, and will set aside the MSPB's determinations only when "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "obtained without procedures required by law, rule or regulation having been followed"; or "unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3). If the complainant seeks only to pursue his non-discrimination claim, appeal lies exclusively with the Federal Circuit. See 5 U.S.C. § 7703(b)(1); 5 C.F.R. § 1201.120; *Powell v. Dep't of Defense*, 158 F.3d 597, 598-99 (D.C. Cir.1998).

[4]Review of a mixed case appeal in the Federal Circuit constitutes a waiver of the discrimination claim because the Federal Circuit has no subject matter jurisdiction over Title VII claims. *Smith v. Horner*, 846 F.2d 1521, 1523-24 (D.C. Cir. 1988).

*v. Merit Systems Protection Board*, 50 Fed. Appx. 979, 980 (Fed. Cir. 2002) (concluding that the

Federal Circuit had "jurisdiction to review the Board's decision because the Board did not reach the

merits of Ms. Checketts' discrimination claim").  Thus, in the hybrid situation, the plaintiff must

seek review in the Federal Circuit because that court has exclusive jurisdiction over matters

involving the scope of the MSPB's jurisdiction. *Burrell*, 164 F. Supp.2d at 810.  According to the

Federal Circuit in *Ballentine*, a federal district court has no jurisdiction to review a decision of the

MSPB unless the Board reaches a decision on the merits of the plaintiff's discrimination claim.

        In this case, Plaintiff filed a "mixed case complaint" with his EEO office.  After receiving

the adverse EEO decision, Plaintiff elected to file a "mixed case appeal" with the MSPB.  Plaintiff

voluntarily withdrew his MSPB appeal, which forced the ALJ to dismiss the case for lack of

jurisdiction.

        Because the ALJ dismissed the MSPB appeal as withdrawn without reaching the merits,

Plaintiff did not exhaust his administrative remedies with respect to his disability discrimination

claim. *See Ruiz v. Ridge*, No. 06-50607, 2007 WL 625016, *1 (5th Cir. Feb. 21, 2007) ("In this case,

having elected to appeal his termination to the MSPB, Ruiz was bound to abide by the procedures

of that forum through completion of that appeal"); *Smith v. O'Keefe*, No. H-03-5900, 2006 WL

2167716, *5 (S.D. Tex. July 31, 2006); *see McAdams v. Reno*, 64 F.3d 1137, 1141-42 (8th Cir.1995)

(holding that a federal employee who elects to file an appeal with the MSPB is required to exhaust

her claims in that forum before filing a civil action and cannot assert in federal court discrimination

claims that were abandoned before the MSPB); *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762,

770 (9th Cir.1991) ( "[A]bandonment of the administrative process may suffice to terminate an

administrative proceeding before a final disposition is reached, thus preventing exhaustion and

precluding judicial review."); *Rivera v. U.S. Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir.1987) ("To withdraw is to abandon one's claim, to fail to exhaust one's remedies."); *see Taylor v. Dam*, 244 F. Supp.2d 747, 757 (S.D. Tex. 2003) ("[A]n aggrieved federal employee must elect an exclusive administrative remedy and fully exhaust the remedy chosen"); *Harms v. Snow*, 57 Fed. Appx. 720 (8th Cir.2003) (per curiam) (affirming the district court's dismissal of an IRS employee's Title VII and ADA claims for failing to exhaust his administrative remedies; although the employee initially pursued his claims with the MSPB, he subsequently abandoned those claims and was therefore precluded from raising them in federal court).  Once Plaintiff selected the MSPB as the forum for appealing the adverse EEO decision, he was required to exhaust his administrative remedies in that forum before filing suit in this Court.  *Hill v. Potter*, No. 00 C 3864, 2002 WL 226755, *8 (N.D. Ill. Feb. 14, 2002).  Plaintiff's disability discrimination claim is DISMISSED for failure to exhaust administrative remedies with the MSPB.

Alternatively, the Court finds that the voluntary dismissal of Plaintiff's MSPB appeal does not constitute a "judicially reviewable action" in this federal district court because the MSPB never rendered a decision on the merits of Plaintiff's discrimination claim.  *See Ballentine*, 738 F.2d at 1246.  The Court is relying on lack of jurisdiction as an alternative to dismissal for failure to exhaust administrative remedies with the MSPB because the Second Circuit has rejected the Federal Circuit's position that a an MSPB decision is not a judicially reviewable action if the MSPB dismisses the appeal for lack of jurisdiction.  *Downey v. Runyon*, 160 F.3d 139, 144-45 (2d Cir. 1998).  One district Court in the Fifth Circuit recognized this disagreement and characterized the Second Circuit's position as the "minority view."  *Burrell*, 164 F. Supp.2d at 810 n.5.  Thus, in the alternative, Plaintiff's retaliation claim must be DISMISSED for lack of jurisdiction.

The failure of the MSPB to issue a judicially reviewable action within 120 days from the filing of Plaintiff's appeal provides no basis for this Court to exercise jurisdiction under 5 U.S.C. § 7702(e)(1)(B).[5]  The Court acknowledges that the MSPB did not issue a judicially reviewable action within 120 days from the filing of Plaintiff's MSPB appeal.[6]  However, Plaintiff filed his first motion to withdraw on June 9, 2006, which was 79 days after filing his appeal.  The MSPB did not issue a judicially reviewable decision within the required 120 day time period because it suspended the processing of Plaintiff's appeal on June 9, 2006 due to his first motion to withdraw.  "The '120-day rule' was designed to prevent the MSPB and its Administrative Law Judges from dragging their feet and from effectively precluding judicial review; it is not an escape valve by which claimants who abandon the administrative process may nonetheless obtain a hearing in federal court." *Vinieratos*, 939 F.2d 762, 774 n.11.  The Fifth Circuit has expressed a similar view on the 180 day deadline applicable to EEOC decisions.  *See Munoz v. Aldridge*, 894 F.2d 1489, 1493 (5th Cir.1990) ("[N]otwithstanding the passage of 180 days, plaintiffs who resort to the administrative process [under Title VII] but do not cooperate in the proceedings can thereby fail to exhaust their administrative remedies") (citing *Johnson v. Bergland*, 614 F.2d 415, 418 (5th Cir.1980)).  *Johnson* adopted the district court's conclusion that "if the agency [EEOC] does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative

---

[5]Plaintiff's disability claim might be timely if the Court concluded that the 120 day rule applied and the MSPB's voluntary dismissal did not constitute a judicially reviewable action. *See Downey*, 160 F.3d at 145 n.6.

[6]The Court notes that the MSPB's voluntary dismissal order of August 1, 2006 was issued after the 120 day time period expired.

level, knowing that he can get into federal court anyway"). As discussed previously, Plaintiff failed to comply with administrative procedures when he voluntarily withdrew his MSPB appeal.

Even assuming that (1) the 120 day rule applied to this case and (2) the MSPB's voluntary dismissal constituted a judicially reviewable action, Plaintiff's disability discrimination claim must be dismissed because it was untimely filed.[7] 5 U.S.C. § 7703(b)(2) provides that a discrimination claim "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702." Although the MSPB does not lose its jurisdiction when 120 days elapse without a final decision, the appropriate federal district court can take jurisdiction pursuant to 5 U.S.C. § 7702(e)(1)(B). *Bulter*, 164 F.3d at 641. "If the MSPB issues a final decision after more than 120 days have elapsed but before the complainant has brought suit, 5 U.S.C. § 7703 controls." *Id.* at 643 n.17. "Under section 7703(b)(2), once the party receives notice of the MSPB's final action, the party has thirty days in which to file a claim in district court." *Id.* The initial decision in this case was issued on August 1, 2006, which was more than 120 days after the MSPB appeal was filed. The Court assumes that the initial decision became a judicially reviewable action on September 5, 2006, which is 35 days after it was issued. *Butler*, 164 F.3d at 643; 5 C.F.R. § 1201.113. Plaintiff did not file suit in federal court prior to September 5, 2006.[8] Therefore, Plaintiff had 30 days from September 5, 2006 (or until October 5, 2006) in which to file his lawsuit. Because Plaintiff did not file this lawsuit until October 10, 2006, his disability

---

[7]As discussed previously, this Court has rejected both of these assumptions.

[8] "[A] federal employee who files suit after 120 days have elapsed but before the MSPB issues a final decision has not abandoned her administrative remedies." *Butler*, 164 F.3d at 463 n.16.

discrimination claim must be dismissed.[9]

Plaintiff argues that he is entitled to equitable tolling of the 30 day deadline. The Fifth

Circuit has held that the filing requirements of Title VII are not jurisdictional prerequisites to

bringing suit in federal court; it is more akin to a statute of limitations and is subject to the doctrines

of waiver, estoppel, and equitable tolling. *Nilsen v. City of Moss Point*, 701 F.2d 556, 562 (5th Cir.

1983). However, civil actions under 42 U.S.C. § 2000e-16, are actions against the United States,

and as such are brought under a statutory waiver of sovereign immunity. *Munoz v. Aldridge*, 894

F.2d 1489, 1494 (5th Cir. 1990). Because such waivers are construed narrowly, the Fifth Circuit has

held that the limitations period for the filing of a civil complaint under this provision of Title VII is

jurisdictional. *Id.* Because timely filing of a complaint in district court is jurisdictional, it is not

subject to waiver, estoppel or equitable tolling. *Id.* Thus, Plaintiff is not entitled to equitable tolling

of the 30 day filing deadline because he has sued the federal government.

**C.**     **Plaintiff's gender discrimination, race discrimination, retaliation, and hostile work environment claims are DISMISSED because Plaintiff failed to exhaust his administrative remedies with the MSPB or the EEOC. Plaintiff's age discrimination claim is DISMISSED because Plaintiff did not comply with the notice provision of 29 U.S.C. § 633a(d).**

The timely filing of an EEO Complaint is a "condition precedent to any Title VII suit."

*Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). A Title VII claim may only be based

on the specific complaints in the charge submitted to the EEOC and claims that are "like or related

to the [C]harge's allegations," limited by the "scope of the EEOC investigation which can reasonably

---

[9]The Court acknowledges that the initial decision stated that it would become final on August 5, 2006. The Court need not resolve the conflict between that statement and 5 C.F.R. § 1201.113 because if Defendant is correct, Plaintiff's Complaint was untimely filed even under the more liberal time period set forth in section 1201.113.

be expected to grow out of the [C]harge of Discrimination." *Young*, 906 F.2d at 179.  Plaintiff did

not allege his gender discrimination, race discrimination, retaliation, and hostile work environment

claims in his EEO Complaint or his MSPB appeal.  Consequently, those claims are DISMISSED for

failure to exhaust administrative remedies.  *See Teemac v. Henderson*, 298 F.3d 452, 453-54 (5th

Cir. 2002) (affirming dismissal of Postal Worker's Title VII claims because he failed to exhaust his

administrative remedies by seeking informal counseling within 45 days of the alleged

discrimination).

       "Unlike [Title VII], the ADEA contains no express requirement that a federal employee

complainant seek administrative relief, except that an employee who wishes to file suit without

pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before

filing suit." *Smith*, 2006 WL 2167716, *4 (citing *Bankston v. White*, 345 F .3d 768, 770 (9th

Cir.2003)); 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a).  In this case, Plaintiff did not give notice

of intent to sue at least 30 days before filing suit, and he did not file the notice within 180 days after

the alleged unlawful practice occurred.  *See* 29 U.S.C. § 633a(d).  Consequently, Plaintiff's age

discrimination claim is DISMISSED for failure to comply with section 633a(d).

**D.**       **Plaintiff's state law claims are DISMISSED because they are preempted by Title VII. Plaintiff's section 1981 and 1983 claims are DISMISSED because those claims are preempted by Title VII and barred by sovereign immunity.**

       Plaintiff cannot pursue claims for discrimination against the USPS under section 1983. *See*

*Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir.1996) ("Title VII provides the exclusive remedy for

employment discrimination claims raised by federal employees."); *Paterson v. Weinberger*, 644 F.2d

521, 524 (5th Cir.1981) ("[T]he ADEA became the exclusive remedy for age discrimination in

federal employment."); *Joseph v. Potter*, Civ. A. No. H-04-1886, 2006 WL 1581894, at *4 (S.D.

Tex. June 6, 2006) (holding that the Court could not assert jurisdiction over or consider the federal

employee's race and age discrimination claims brought under § 1983 because Title VII and the

ADEA provide the exclusive remedies for race and age discrimination, respectively, in federal

employment). Accordingly, Plaintiff's section 1983 claim is DISMISSED.  Alternatively, Plaintiff's

section 1981 and 1983 claims against the federal government are DISMISSED because they are

barred by sovereign immunity. *Affiliated Professional Home Health Care Agency v. Shalala*, 164

F.3d 282, 286 (5th Cir. 1999).

Plaintiff's state law claims against the USPS for defamation and damage to business

reputation are DISMISSED because they are preempted by Title VII and the Rehabilitation Act of

1973, which incorporates Title VII's enforcement procedures.  *See Pfau v. Reed*, 167 F.3d 228, 229

(5th Cir. 1999) (intentional infliction of emotional distress claim is preempted by Title VII)

(affirming previous panel holding on that issue after remand from the United States Supreme Court,

125 F.3d 927, 932 (5th Cir. 1997)).  Title VII provides the "exclusive, pre-emptive administrative

and judicial scheme for the redress of federal employment discrimination." *Brown v. General Servs.

Admin.*, 425 U.S. 820, 829 (1976). The Fifth Circuit has "interpreted the Supreme Court's mandate

in *Brown* to mean that, when a complainant against a federal employer relies on the same facts to

establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently

distinct to avoid' preemption." *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir.1992).  The Court finds

that Plaintiff is relying on the same facts to establish his Title VII claims and his state law claims.

**E.**     **Plaintiff's worker's compensation claim under the Federal Tort Claims Act ("FTCA") or state law is DISMISSED because it is barred by the Federal Employees Compensation Act ("FECA").**

In his response to the motion to dismiss, Plaintiff alleges an additional "federal workers

compensation claim" and seeks leave to amend his Complaint.  FECA provides compensation for a federal employee's personal injuries "sustained while in the performance of his duty." 5 U.S.C. § 8102(a). For injuries within its coverage, FECA's remedy is exclusive of any other remedy, including the FTCA. 5 U.S.C. § 8116(c). Like workers' compensation statutes generally, "[FECA] is intended to serve as a substitute rather than a supplement for the tort suit." *Bailey v. United States*, 451 F.2d 963, 965 (5th Cir.1971); *White v. U.S.*, 143 F.3d 232, 234 (5th Cir. 1998).  FECA vests with the Secretary of Labor the power to "administer, and decide all questions arising under [FECA]," 5 U.S.C. § 8145, and the Secretary's action in allowing or denying an award under FECA is final and conclusive and not subject to review by a court of law, 5 U.S.C. § 8128(b).

The jurisdiction of the federal courts with regard to FECA is limited to determining if a substantial question of coverage under FECA exists.  *Concordia v. United States Postal Serv.*, 581 F.2d 439, 442 (5th Cir.1978); *Bailey*, 451 F.2d at 967. A substantial question exists unless it is certain that the Secretary of Labor would find no coverage under FECA. *See Concordia*, 581 F.2d at 442.  A federal court cannot deny the Secretary the opportunity to decide the question of coverage "unless we are certain that he would find no coverage." *Id.*  Only if this Court is certain that the Secretary of Labor would conclude that the employee's injuries do not present a substantial question of coverage under FECA may it entertain the employee's FTCA claim without the employee first submitting the claim to the Secretary of Labor. *Bailey*, 451 F.2d at 965.

The Court concludes that a substantial question of coverage exists under FECA.  Plaintiff clearly alleges that his shoulder injuries were caused or exacerbated "while in the performance of his duty" as a postal service employee.  The Secretary must be given an opportunity to evaluate Plaintiff's FECA claim.  If the case is submitted to the Secretary, and the Secretary finds no FECA

coverage, then Plaintiff is free to pursue a claim under the FTCA. *See Concordia*, 581 F.2d at 444.

Plaintiff's worker's compensation claim under the Federal Tort Claims Act ("FTCA") or state law

is DISMISSED because it is barred by the Federal Employees Compensation Act ("FECA").

### III. Conclusion

Defendant's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) is GRANTED.

Plaintiff's disability discrimination claim is DISMISSED for failure to exhaust administrative

remedies with the MSPB, and alternatively for lack of jurisdiction and failure to comply with the 30

day filing deadline.  Plaintiff's gender discrimination, race discrimination, retaliation, and hostile

work environment claims are DISMISSED because Plaintiff failed to exhaust his administrative

remedies with the MSPB or the EEOC.  Plaintiff's age discrimination claim is DISMISSED because

Plaintiff did not comply with the notice provision of 29 U.S.C. § 633a(d). Plaintiff's state law claims

are DISMISSED because they are preempted by Title VII.  Plaintiff's section 1981 and 1983 claims

are DISMISSED because those claims are preempted by Title VII and barred by sovereign immunity.

The Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 15th day of May, 2007.


XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE